IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL R. CARVER II | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) Jury Trial Demanded |
| GENERAL MOTORS LLC | ) |
| Defendant. | ) |

# COMPLAINT

Now comes Plaintiff, Michael R. Carver, II, by and through his undersigned counsel and states as follows:

## BACKGROUND

1. Plaintiff, Michael R. Carver, II (hereinafter referred to as "Plaintiff"), is an adult individual citizen and legal resident of the State of Tennessee, residing at 3635 Baxer Road, Joelton, Tennessee, 37080.

2. Defendant, General Motors, LLC, is a business corporation qualified to do and regularly conducting business in the State of Tennessee, with its principal place of business located in Michigan and can be served at its local residence c/o CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

3. On or about January 24, 2009, Plaintiff purchased a new 2008 Chevrolet Colorado, manufactured and warranted by Defendant, from Tom Bannen Chevrolet, Inc. (2340 N. Gallatin Road, Madison, Tennessee, 37115), bearing the Vehicle Identification Number 1GCDT13E088161709 (hereinafter the "vehicle").

4. The vehicle was purchased or leased in the State of Tennessee and is registered in Tennessee.

5. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $30,063.29. A true and correct copy of the Invoice and Bill of Sale is attached hereto, made a part hereof, and marked Exhibit "A".

7. 6. In consideration for the purchase of said vehicle, Defendant issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

8. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

9. The parties' bargain includes an express 3-year / 36,000 mile warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

10. However, as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle is rendered substantially impaired, unable to be utilized for its intended purposes, and is worthless to Plaintiffs.

11. The first documented warranty repair attempt is believed to have occurred on or before July 29, 2009, when the vehicle odometer showed 15,933 miles. On that date, Plaintiff reported the vehicle inadvertently went into four-wheel drive; Defendant's authorized dealership, Tom Bannen's Chevrolet City, kept the vehicle for three days and returned the vehicle to Plaintiff unrepaired, indicating there was an "ongoing engineering investigation". A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "B".

12. The second documented warranty repair attempt is believed to have occurred on or before May 10, 2010, when the vehicle odometer showed 31,470 miles. Plaintiff reported the vehicle moved from two-wheel drive to four-wheel drive; Defenant's authorized dealership, Payne Chrevolet, returned the vehicle to Plaintiff, having made no repairs. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "C".

13. The third documented warranty repair attempt is believed to have occurred in or around May 2010. On this occasion Plaintiff returned the vehicle to Defendant's authroized dealership, Payne Chrevrlet, when the vehcile went from two-wheel drive to four-wheel drive; Payne Chevrolet performed a transfer case service. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "D".

14. The fourth documented warranty repair attempt is believed to have occurred on or before July 9, 2009, when the vehicle odometer showed 33,812 miles. Plaintiff returned the vehicle to Defendant's authroized dealership, Payne Chrevrlet, when the vehcile went into four-wheel drive on its own and its four-wheel drive lights began were flashing; Payne Chevrolet kept the vehicle for seven days and returned the

vehicle to Plaintiff unrepaired indicating it was "under investigation". A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "E".

15. The fifth documented warranty repair attempt is believed to have occurred on or before August 6, 2010, when the vehicle odometer showed 35,140 miles. Plaintiff returned the vehicle to Defendant's authroized dealership, Payne Chrevrlet, when the vehcile went into four-wheel drive on its own and the four-wheel drive lights were blinking; Payne Chevrolet replaced a transfer case switch. A true and correct copy of the repair invoice is attached hereto, made a part hereof and marked Exhibit "F".

16. The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

17. Plaintiff attempted to schedule an appointment with Payne Chevrolet following the August 2010 visit; however, Defendant's authorized dealership refused to service the vehicle, advising Plaintiff there was nothing that could be done to correct the condition in his vehicle.

18. The vehicle continues to exhibit this non-conformity, which substantially impair its use, value and/or safety.

## COUNT I TENNESSEE LEMON LAW

19. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein.

20. Section §55-24-201 through §55-24-212 of the Tennessee Motor Vehicle Warranties Act is commonly known as, and will hereinafter be referred to as the "Tennessee Lemon Law"

21. Plaintiff is a "Consumer" as defined by TCA §55-24-201

22. Defendant is a "Manufacturer" as defined by TCA § 55-24-201

23. The vehicle is a "Motor Vehicle" as defined by TCA § 55-1-103

24. Plaintiff reported the four-wheel drive condition to the manufacturer, through its authorized dealers, Payne Chevrolet and Tom Bannen's Chevrolet City, within the warranty period or one year of the date of original delivery of the vehicle pursuant to TCA. §55-24-205.

25. Defendant, through its authorized dealers, Payne Chevrolet and Tom Bannen's Chevrolet City, has been unable, unwilling and/or has refused to conform the motor vehicle to the express warranty by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

26. As a result, the use, value and safety of the vehicle have been substantially impaired.

27. Plaintiff may satisfy one or more presumptions in TCA §55-24-205.

28. Defendant does not maintain a qualified Informal Dispute Resolution Mechanism.

## COUNT II MAGNUSON-MOSS FEDERAL TRADE COMMISSION ACT

29. Plaintiffs have or may have resorted to Defendant's informal dispute settlement procedure, to the extent said procedure complies with 16 CFR 703.

30. Plaintiffs aver that the Federal Trade Commission (FTC) has determined that no automobile manufacturer complies with 16 CFR 703. See, Fed. Reg. 15636, Vol. 62, No. 63 (Apr. 2, 1997).

31. Plaintiff is a "Consumers" as defined by 15 U.S.C. §2301(3).

32. Defendant is a "supplier", "warrantor", and a "service contractor" as defined by 15 U.S.C. § 2301 (4),(5) and (8).

33. The vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

34. By the terms of its written warranty, affirmations, or promises, Defendant agreed to perform effective repairs at no charge for parts and/or labor.

35. Defendant has made attempts on several occasions to comply with the terms of its express warranty; however, such repair attempts have been ineffective.

36. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

> If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

37. Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranty.

38. As a direct and proximate result of Defendant's failure to comply with the express written warranty, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

39. Defendant's failure is a breach of Defendant's contractual and statutory obligations constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not limited to: breach of express warranties and breach of contract.

40. Plaintiff avers that Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, making any and all limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration.

41. Plaintiff avers Defendant does not maintain a Dispute Resolution Program in Tennessee and/or Defendant's Dispute Resolution Program was not in compliance with 16 CFR 703 for the model year of the subject vehicle.

42. Plaintiffs aver that Defendant's warranty did not require Plaintiffs to first resort to a Dispute Resolution Program before filing suit.

43. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

## COUNT III TENNESSEE UNIFORM COMMERCIAL CODE

44. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein.

45. The defects and nonconformities exhibited by the vehicle constitute a breach of contractual obligations of Defendant, including, but not limited to, the following: breach of express warranty

46. At the time of delivery of the vehicle to Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendant's express warranty, obligations and representations with regard to the vehicle.

47. At the time of delivery of the vehicle and at all times subsequent thereto, Defendant was aware that Plaintiff was relying on Defendant's express warranty, obligations and representations with regard to the vehicle.

48. Plaintiff has incurred damage as a direct and proximate result of the Defendant's breach and failure to honor its express warranty, obligations and representations with regard to the vehicle.

49. Plaintiff has incurred damage as a direct and proximate result of the failure of essential purpose of Defendants express warranty, obligations and representations with regard to the vehicle

## COUNT IV TENNESSEE CONSUMER PROTECTION ACT

50. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein,

51. Section TCA §47-18-103 et seq. is commonly known as, and will hereinafter be referred to as, the "Tennessee Consumer Protection Act"

52. Plaintiff is a "Consumer" and a "Person," as defined by TCA §47-18-103(2) and (9).

53. Defendant is a "Person" as defined by TCA §47-18-103(9).

54. Defendant performed "Services" as defined by TCA § 47-18-103(10).

55. In connection with said transaction, Defendant committed unfair or deceptive acts and practices in violation of TCA § 47-18-104.

56. Said acts and practices include, but are not limited to, the following:

   a. Defendant's representation that the vehicle contained a valid warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was untrue.

b. Defendant's representation that the vehicle contained, as a remedy, an effective warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was false.

c. Defendant may have failed to provide Plaintiff with repair orders at the time of service in violation of TCA §55-24-209.

d. Defendant, who had a legal obligation to Plaintiff under the written warranty, breached, avoided and/or attempted to avoid its obligation to the Plaintiff.

e. Defendant exhibited a pattern of inefficiency, stalling and/or incompetence with regard to its warranty repair work.

f. Defendant may have violated the Tennessee Lemon Law, which constitutes an unfair or deceptive act or practice.

57. Defendant knowingly committed all of the above referenced unfair, deceptive and unconscionable acts and practices.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby respectfully demands a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

A. That process issue and all parties be required to respond in accordance with the Tennessee Rules of Civil Procedure;

B. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs and the determination of which damages shall be

trebled, which are reserved for determination by the Court in the event that Plaintiff prevails at a trial on the merits;

C. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above; Judgment against Defendant in an amount equal to three times Plaintiff's actual damages under Count IV;

D. Costs, including expert witness fees and reasonable attorney's fees; and

For such other relief as this Court deems just and proper

Respectfully submitted,

Kimmel & Silverman, P.C.

Date: 11/17/2010

By: _____
Amy L. Bennecoff, Esq.
Attorney for Plaintiff
BPR # 28563
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@lemonlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2010, a copy of the foregoing document was sent via Federal Express. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All parties that have been served are listed below and will be served by regular U.S. Mail, first-class, postage pre-paid. Parties may access this filing through the Court's electronic filing system.

General Motors LLC
c/c CT Corporation System
800 S. Gay Street, Ste. 2021
Knoxville, TN 37929-9710

Date: 11/17/2010

Respectfully submitted,

Kimmel & Silverman, P.C.

By: _____
Amy L. Bennecoff, Esq
Attorney for Plaintiff
BPR # 28563
Kimmel & Silverman, P.C
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888
abennecoff@lemonlaw.com