IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE


MICHAEL R. CARVER II )
)
v. ) NO. 3:10-1096
) JUDGE CAMPBELL
GENERAL MOTORS LLC )


MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 12). For the reasons stated herein Defendant's Motion is DENIED.

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). The Court must consider the allegations of the complaint as true. *RMI Titanium Co v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). However, in a 12(b)(1) motion, the court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Madison-Hughes* at 1130.

With regard to his purchase of a 2008 Chevrolet Colorado from Tom Bannen Chevrolet, Inc., Plaintiff seeks recovery under the Tennessee Motor Vehicle Warranties Act, the Magnuson Moss Warranty Act, the Tennessee Uniform Commercial Code as it pertains to breach of express warranty and the Tennessee Consumer Protection Act. (Docket No. 12). Plaintiff alleges this Court has subject matter jurisdiction as set forth in 28 U.S.C. §1331, based upon his Magnuson Moss Warranty Act ("MMWA") claim. Defendant alleges that Plaintiff's claimed amount in controversy is less than the $50,000 required to bring a claim under the MMWA.

Under the MMWA, a consumer has the right to bring suit in an appropriate United States

1

district court if the consumer "is damaged by the failure of a supplier, warrantor or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). A consumer may not bring an action under the MMWA "if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interests and costs), computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. §2310(d)(3)(B).

In *Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2004), the Sixth Circuit held that the amount in controversy is to be calculated by determining the difference between the cost of the replacement vehicle and the present value of the vehicle, and then by deducting the value of Plaintiff's use of the vehicle. *Id* at 885. Additionally, in determining the amount in controversy, the Court may consider Plaintiff's state law claims. *See* 15 U.S.C. 2310(d)(3)(B) and *Harnden v. Jayco, Inc.*, 496 F.3d 579, 583 (6th Cir. 2007).

It is unclear what numbers the Court should apply in this case in making a determination as to whether the amount in controversy is sufficient or not. In looking at the cost of replacement, Plaintiff alleges a contract price of $30,063.29 (Docket No. 17, p.1) and then alleges a cash purchase price of $25,930.00. (*Id.* at p.5). After factoring in various fees and taxes, Plaintiff settles on a total purchase price of $27,355.50. (*Id.*) Defendant alleges a purchase price of $24,207.22 (Docket No. 13, p. 1), and then states the purchase price of the car, excluding tax, credit life insurance and finance charges, is $23,075.95 (*Id.*, p. 3). In a footnote, Defendant makes note that the Sixth Circuit, in *Golden*, ruled that taxes and finance charges for the vehicle's purchase may not be included in determining the amount in controversy.

With regard to the present value, neither party has presented any facts to determine this

value.

With regard to the usage value, Defendant alleges the amount, pursuant to 26 U.S.C. §162, is not to exceed one-half the amount allowed by regulations, 50¢ per mile. It then calculates the usage value as $8,785.00, which is Plaintiff's stated milage (35,104) multiplied by 25¢ per mile. (Docket No. 13, p.3).

In considering Plaintiff's allegations as true, as well as noting that treble damages under the Tennessee Consumer Protection Act and state law claims would increase the amount in controversy, the Court finds Plaintiff has met his burden of pleading the necessary $50,000 under the Magnuson Moss Warranty Act. Using the smallest number Plaintiff has alleged, a purchase price of $25,903 less Defendant's usage calculation of $8,785, for a total of $17,118, and considering treble damages, the amount in controversy pled is, at minimum, $51,354. Therefore, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE