IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL R. CARVER II )
) No. 3-10-1096
v. )
)
GENERAL MOTORS LLC )

O R D E R

Pursuant to the order entered April 5, 2012 (Docket Entry No. 27), counsel for the parties called the Court on April 18, 2012, at which time the following matters were addressed:

1. The plaintiff has recently reported that the problem with the car shifting into four wheel drive has occurred again, although counsel was not sure if the plaintiff has had the opportunity to take the car into the dealership.

2. As a result of the latest incident, the fact that plaintiff's counsel will be on maternity leave during the time the July 10, 2012, trial is scheduled, and the fact that the parties want to attempt to resolve this case, the parties requested that the trial be cancelled to be rescheduled after a settlement conference.

3. In consultation with the office of the Honorable Kevin H. Sharp, the pretrial conference and trial rescheduled, by order entered October 26, 2011 (Docket Entry No. 24), on June 18, 2012, and July 10, 2012, respectively, are CANCELLED, to be rescheduled, if necessary, after the settlement conference as scheduled below.

4. Upon the parties' request, a settlement conference is scheduled before the undersigned on **Thursday, August 16, 2012, beginning at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.

Counsel for the parties shall attend the settlement conference, along with the plaintiff. The plaintiff's wife may also attend if she chooses. A representative of the defendant with full settlement authority shall be available at all times by telephone.

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

By **3:00 p.m. on Friday, August 10, 2012,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Peter Malanchuk, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits, and each client's probable success on the damages sought and/or relief requested by the plaintiff.

    a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of his damages and the strengths and weaknesses of his position.

    b) Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their theory of liability or defense.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding to trial, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case and all other terms and conditions of such a settlement, based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

7) The statement shall include the maximum amount the defendant may be willing to pay and the minimum amount the plaintiff may be willing to accept, and any other terms upon which each client insists.[1]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

Counsel for the parties shall convene a telephone conference call with the Court on **Monday, August 13, 2012, at 4:00 p.m.,** to be initiated by defendant's counsel, to address any matters that the parties and/or the Court may have with regard to the conduct of the settlement conference.

The parties have been engaged in settlement discussions, and shall continue such discussions prior to August 16, 2012. If the parties are able to reach a settlement prior to August 16, 2012, counsel shall immediately notify the Court.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.