# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL R. CARVER, II,** | ) |
| | ) |
| **Plaintiff,** | ) No. 3:10-cv-1096 |
| | ) |
| v. | ) Judge Sharp |
| | ) |
| **GENERAL MOTORS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM

Plaintiff, Michael R. Carver, II, filed a motion for attorney's fees and costs (Docket Entry No. 33), to which Defendant, General Motors, LLC, filed a response in opposition (Docket Entry Nos. 35 and 36).[1] The Court has reviewed all the papers filed in support of, and in opposition to, Plaintiff's motion. For the reasons discussed herein, Plaintiff's motion will be granted.

## I. RELEVANT PROCEDURAL HISTORY

This case was filed in November 2010, wherein Plaintiff alleged violations of the Tennessee Lemon Law, Magnuson Moss Warranty Improvement Act, Uniform Commercial Code, and the Tennessee Consumer Protection Act. (Docket Entry No. 1). Thereafter, Defendant moved for dismissal of the complaint, which was denied in February 2011. (Docket Entry Nos. 12, 19 and 20). The parties then commenced in discovery, exchanging written discovery, as well as Plaintiff retaining an expert. (Docket Entry No. 33-1 at 2).

The parties had multiple settlement discussions, and ultimately, on August 16, 2012, a settlement conference was held at which time a settlement was reached, resolving the underlying dispute, but reserving determination of attorney's fees and costs in this matter. (Docket Entry

---

[1] Plaintiff requested leave to file a reply on November 19, 2012, and the Court granted the motion the next day. *See* (Docket Entry Nos. 38 and 39). A reply, however, was never filed.

No. 29). On September 14, 2012, the Court entered an Agreed Order of Dismissal with Prejudice providing that Plaintiff's counsel "shall have thirty (30) days from entry of this Order to file a motion for award of attorney's fees." (Docket Entry No. 31).[2]

## II. ANALYSIS

Plaintiff moves this Court for an award of attorneys' fees and costs. (Docket Entry No. 33 at 1). The amount of attorneys' fees sought in Plaintiff's motion is $14,650.50.[3] This amount is calculated by multiplying the number of hours worked on this case by Amy L. Bennecoff ("Bennecoff"), by the hourly rate of $200.00 per hour[4], and the number of hours worked on this case by Michael J. McNulty ("McNulty"), times the hourly rate of $200.00 per hour.[5] (Docket Entry Nos. 33-4 and 33-5, Bennecoff Decl. and McNulty Decl.). Plaintiff seeks a fee award for Bennecoff's services in the amount of $8,676.00, and further seeks a fee award for McNulty's services in the amount of $5,020.00. (Bennecoff Decl. at ¶33 and McNulty Decl. at ¶20). Additionally, Plaintiff seeks costs incurred in the amount of $954.50. (Bennecoff Decl. at ¶36).

Defendant contends "[b]ecause the amount sought by Plaintiff's counsel is excessive and unreasonable, and because Plaintiff's counsel unnecessarily increased the costs of litigation," the request should be denied. (Docket Entry No. 36 at 1). Defendant continues, "the only

---

[2] Pursuant to said Order, costs were assessed against Defendant. (*Id.*).

[3] Plaintiff has referenced two different amounts for the total attorneys' fees and costs sought in this case - $14,650.50 and $18,645.50. *See* (Docket Entry Nos. 33 at 2 and 33-1 at 1, 17). Likewise, Defendant opposes the second amount of $18,645.50. *See* (Docket Entry No. 36 at 1, 10, 14). The Court has reviewed counsels' declarations as well as the billing statements submitted, and concludes Plaintiff is seeking an amount totaling $14,650.50. *See* (Docket Entry Nos. 33-2; 33-3; 33-4, Bennecoff Decl. at 9-10; 33-5, McNulty Decl. at 4).

[4] Billable time was also expended by paralegals Patricia Murray Boyle ("PM" and "PB"), Gracie Klein ("GK"), Andrea Solomon ("AS"), Katie Hall ("KH"), Joan Hammer ("JH"), and Lori Harrison ("LH"), at a rate of $110.00 per hour.

[5] Bennecoff's customary hourly rate for breach of warranty litigation matters is $265.00, and McNulty's billing rate for consumer litigation is $225.00 per hour. (Bennecoff Decl. at ¶30, McNulty Decl. at ¶19). Defendant does not dispute the hourly rate of Plaintiff's counsel. *See* (Docket Entry No. 36 at 10).

impediment to the settlement of this case has been the unreasonable demand for attorney's fees in light of the relatively small damages claim." (*Id.* at 5). Furthermore, Defendant claims the litigation was not prolonged by Defendant's "unwillingness to settle but, rather by Plaintiff's refusal to settle without payment of exorbitant attorney's fees."[6] (*Id.* at 6).

Plaintiff claims his fees are indeed reasonable. He opines, "[a]s this matter was not resolved by the parties until August 2012, Plaintiff's counsel was left with no option but to litigate this matter." (Docket Entry No. 33-1 at 5). Consequently, Plaintiff's counsel "spent a considerable amount of time conducting discovery, attending conferences and preparing pleadings in this matter." (*Id.*).

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv.*, *LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting, *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A determination of reasonableness begins with the "lodestar" method of calculation, *i.e.*, determining a reasonable fee based on a reasonable hourly rate and reasonable number of hours of service. The United States Supreme Court described the lodestar method in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983), as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

---

[6] Specifically, Defendant states the time records submitted by Plaintiff's counsel evidences "duplication of efforts between the counsel" in the amount of $1,720.00. Further, Plaintiff's time in pursuit of the motion for attorney's fees "[did] not benefit the client and are not properly recoverable as attorney's fees" and should be excluded. (Docket Entry No. 36 at 9).

A list of the factors to consider in establishing the lodestar fee and adjusting the fee was enunciated by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors have now become part of the settled law of lodestar analysis under both the United States Supreme Court and Sixth Circuit decisions. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.4; *Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5, 103 L.Ed.2d 67, 109 S.Ct. 939 (1989); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999).

The Court agrees that some reduction is proper, but not to the extent requested by Defendant. Based on a thorough review of the information and supporting documents before the Court, in conjunction with an analysis of the aforementioned lodestar factors, the Court finds that the total number of hours for Bennecoff will be reduced by 8%, which results in a fee award of $7,981.92. Further, the total number of hours for McNulty will be reduced by 8%, which results in a fee award of $4,618.40. Therefore, Plaintiff shall be awarded $12,600.32 for reasonable attorneys' fees.

Lastly, Defendant submits the Court should disallow any expenses incurred with respect to Plaintiff's proffered expert, Steven Ruch ("Ruch"). (Docket Entry No. 36 at 11). In support of its position, Defendant cites to cases, wherein Ruch's testimony "has been routinely rejected

time and again by courts throughout the country."[7] (*Id.* at 12-13). Notably, however, Defendant does not provide a case, in which a dispute arose over the costs associated with Ruch's expert opinion. Moreover, Defendant's cannot have it both ways. Although Defendant asks the Court to discredit and subsequently reject Ruch's expenses, throughout its response brief, Defendant references Ruch's opinion with respect to Plaintiff's damages – and, in fact, the parties ultimately settled on damages in Ruch's suggested range.

The Court finds Defendant has failed to provide sufficient reasoning as to a denial of expenses incurred with respect to Plaintiff's proffered expert. Consequently, there will be no downward adjustment of the costs in this matter. The Court finds that Plaintiff shall be awarded costs in the amount of $954.50.

### III. CONCLUSION

For all of the reasons stated, *Plaintiff's Motion for Attorney's Fees and Costs* (Docket Entry No. 33) is hereby GRANTED. Plaintiff shall be awarded $13,554.82 for reasonable attorneys' fees and costs in this matter.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[7] *See*, e.g., *Dodd v. Chrysler Group, LLC*, 1:11-cv-01073-JDV, 2012 WL 1565640 (W.D. Tenn. May 1, 2012); *Jackson v. Am. Honda Motor Company, Inc.*, 75 Mass. App. Ct. 1102, 912 N.E.2d (2009); *Mayew v. Chrysler, LLC*, CIV. A. 07C-10-044PLA, 2008 WL 4447707 (Del. Super. Oct. 1, 2008); *Zitterbark v. American Suzuki Motor Corp.*, 182 MD App. 495, 958 A.2d 372, 374 (2008). *See* (Docket Entry No. 36 at 12-13).

5